**UNITED STATES of America, Appellee,**

v.

**Robert Joyner WHITE, Appellant.**

**No. 9809.**

United States Court of Appeals Fourth Circuit.

Submitted on Briefs May 6, 1965.

Decided July 22, 1966.

Robert Joyner White, on brief pro se.

C. Vernon Spratley, Jr., U. S. Atty., and Samuel W. Phillips, Asst. U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM:

Convicted of perjury by false testimony in the United States District Court for the Eastern District of Virginia, the defendant appeals on the ground that the record in the perjury trial does not identify the person who administered the oath to him in the earlier proceeding when he was found to have sworn falsely. We affirm.

During the perjury trial, the attention of the prosecutor was upon the falsity of the earlier testimony. Sensibly, White does not contest the jury's resolution of that issue, but he challenges the technical sufficiency of the oath.

The United States contends that proof of the identity of the person who administered the oath to White in the first proceeding is immaterial, since it was done in open court in the presence

of the District Judge. In its view, since the oath was administered *before* the District Judge, unquestionably one authorized to administer oaths, it is immaterial *by* whom it was administered.

We need not undertake adjudication of that question, though the fact that the oath was administered in open court in the presence of the District Judge bears heavily upon our conclusion. The record furnishes a sufficient basis for a finding that the oath was not administered by an interloper.

In the perjury trial, the court reporter who recorded the earlier proceeding was sworn as a witness. In answer to questions, she twice testified that White had been sworn in the earlier proceeding when he testified falsely. She read the transcript of his earlier testimony including the recital that he had first been "duly sworn." To all of that White made no objection, and on cross-examination he sought no more specificity.

Now, on appeal, White protests that the reporter's testimony as to the oath was conclusionary. It was, but in the context of a trial in which the only issue appeared to be the falsity *vel non* of White's testimony in a formal proceeding in open court, it was incumbent upon him to object to conclusionary statements on a collateral issue or, on cross-examination, to probe their bases if he had any reservation about them. Now on appeal, without suggesting that the oath was not administered by the clerk or a deputy, it is too late to offer supposition that the evidence is susceptible of an inference that a total stranger might have administered the oath in the presence of the District Judge.

Abjuring the assistance of counsel, White has represented himself in this proceeding. Though he stands convicted of bank robbery and of perjury, he has shown himself as highly articulate and intelligent. Had his obvious talents been directed along more productive paths, he surely would have been a respected and useful citizen.

Affirmed.